1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  ROSS C. MOODY, State Bar No. 142541
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-1376
    Fax:  (415) 703-1234
8   Email:  Ross.Moody@doj.ca.gov

9  Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **RICHARD MARTIN,** | C 07-03571 SBA (PR) |
| Petitioner, | |
| v. | |
| **T. FELKER, Warden,** | |
| Respondent. | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

**TABLE OF CONTENTS**

| | Page |
|---|---|
| INTRODUCTION AND STATEMENT OF THE CASE | 1 |
| FACTUAL BACKGROUND | 2 |
| STANDARD OF REVIEW | 3 |
| ARGUMENT | 4 |
|     **PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY THE SENTENCE HE RECEIVED** | 4 |
|         A.  Applicable Principles | 4 |
|         B.  Petitioner's Claim Fails | 5 |
| CONCLUSION | 6 |

**TABLE OF AUTHORITIES**

                    **Page**

**Cases**

*Bell v. Cone*
535 U.S. 685 (2002) ............ 3

*Brown v. Payton*
544 U.S. 133 (2005) ............ 4

*Clark v. Murphy*
331 F.3d 1062 (9th Cir. 2003) ............ 4

*Early v. Packer*
537 U.S. 3 (2002) ............ 4

*Estelle v. McGuire*
502 U.S. 62 (1991) ............ 4

*Gill v. Ayers*
342 F.3d 911 (9th Cir. 2003) ............ 3

*Lockyer v. Andrade*
538 U.S. 63 (2003) ............ 4

*Medina v. Hornung*
386 F.3d 872 (9th Cir. 2004) ............ 3

*Ortiz-Sandoval v. Clarke*
323 F.3d 1165 (9th Cir. 2003) ............ 3

*People v. Wende*
25 Cal.3d 436 (1979) ............ 2

*Price v. Vincent*
538 U.S. 634 (2003) ............ 4

*Pulley v. Harris*
465 U.S. 37 (1984) ............ 5

*Schell v. Witek*
218 F.3d 1017 (9th Cir. 2000) ............ 5

*Wainwright v. Goode*
464 U.S. 78 (1983) ............ 4

*Williams v. Taylor*
529 U.S. 362 (2000) ............ 3, 4

*Woodford v. Visciotti*
537 U.S. 19 (2002) ............ 3, 4

**TABLE OF AUTHORITIES  (continued)**

**Page**

**Statutes**

| | |
|---|---|
| Antiterrorism and Effective Death Penalty Act of 1996 | 3, 4 |
| California Penal Code | |
| § 186.22(g) | 1, 5 |
| § 667.5(b) | 2 |
| § 1385 | 2 |
| United States Code, Title 28 | |
| § 2254(d)(1) | 4 |

EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
ROSS C. MOODY, State Bar No. 142541
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-1376
  Fax:  (415) 703-1234
  Email:  Ross.Moody@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **RICHARD MARTIN,**<br><br>                  Petitioner,<br><br>  v.<br><br>**T. FELKER, Warden,**<br><br>                  Respondent. | C 07-03571 SBA (PR)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |

**INTRODUCTION AND STATEMENT OF THE CASE**

In December of 2004, Richard Martin ("petitioner") was charged by the Santa Clara County District Attorney with one count of second degree robbery and with allegations that the offense was committed for the benefit of a criminal street gang, and that petitioner had served a prior prison term. On March 4, 2005, petitioner entered a negotiated no contest plea to the charge and admitted the enhancement allegations.  The terms of the plea bargain were that petitioner would be sentenced to no more 12 years in state prison, and that he would be permitted to bring a motion requesting that the trial court strike the punishment for the gang enhancement pursuant to California Penal Code section 186.22, subdivision (g).

At petitioner's sentencing hearing on October 27, 2005. The court stated that it had read petitioner's motion, the prosecutor's opposition, and the probation report. Petitioner and his wife both made statements to the court on petitioner's behalf. Petitioner's counsel asked the court to strike the enhancement and to simply consider the gang nature of the offense when deciding whether to impose the mitigated, middle or aggravated term. The prosecutor argued that there were no unusual circumstances warranting the striking of the punishment for the gang enhancement. The court found this to not be an unusual case where the interests of justice would be best served by striking the punishment for the gang enhancement. The court found that petitioner had not accepted responsibility for the present offense, although he took a leadership role in it, and had continued to associate with gang members, get a gang tattoo, and violate laws after committing his previous felony offense. Therefore, the court sentenced petitioner to 12 years in prison, the sentence consisting of the mitigated term of two years for the substantive offense plus 10 years for the gang enhancement. The court struck the punishment under section 667.5, subdivision (b) pursuant to section 1385, and granted petitioner 420 days of custody credits.

Petitioner filed an appeal, but appointed counsel could find no claim of error, and filed a brief pursuant to *People v. Wende*, 25 Cal.3d 436 (1979). The California Court of Appeal reviewed the record, and affirmed the conviction. Thereafter, petitioner's petition for review in the California Supreme Court was denied, as was his petition for writ of certiorari in the United States Supreme Court.

In the present action, petitioner argues that the trial court's failure to strike the gang enhancement was a violation of his constitutional rights. However, he has failed to establish such a violation, and his petition must be rejected.

**FACTUAL BACKGROUND**

The California Court of Appeal provided the following factual summary of the offense:

> The probation report summarized defendant's offense as follows. Around 9:44 p.m. on September 20, 2004, San Jose police officers responded to the area of Nancy Lane due to a report of a robbery. There, Eberardo Lozano told officers that he was standing outside with several others when a vehicle drove slowly by several times. A few minutes later, defendant and another male walked up to Lozano from the direction the car had gone. Defendant asked Lozano, "Are you a Sureno?" When Lozano responded negatively, defendant grabbed the baseball cap from Lozano's head and spit and stepped on it.

> Defendant then grabbed Lozano's wallet from his front pocket. Although fearful, Lozano grabbed the wallet back. Defendant told Lozano that he needed money, but Lozano refused to give him some. Defendant then said that he needed money for gas. Lozano took $20 from his wallet and gave it to defendant. Defendant demanded more money and his cohort said he only needed $20. Defendant grabbed Lozano's wallet and he, his cohort, and the five or six other Hispanic male juveniles who had been standing behind them during the incident fled. Lozano and his friends ran after them, to no avail. The wallet had contained Lozano's ID, approximately $1,500 in cash, and a check for $1,350 from Lozano's employer.
>
> The police investigation determined that defendant's cohort was a juvenile who lived nearby. The cohort admitted his and defendant's involvement in the incident. Defendant was on parole at the time of the incident, and was a validated member of a local Norteno gang. Defendant admitted to the probation officer that he was present at the incident, but he denied participating in it and said that he was not the person who grabbed the victim's wallet. He also said that he did not know why his cohort identified him as the person who took the wallet. Defendant has a gang tattoo on the back of his head which he said he got in 2003. The probation officer recommended that the court impose a 12-year prison sentence.

Exh. 3 at 2.

## STANDARD OF REVIEW

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which imposes "a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). The purpose of the AEDPA is "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). The statute's "highly deferential" standard for evaluating state court rulings "demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam); *accord, Medina v. Hornung,* 386 F.3d 872, 877 (9th Cir. 2004) (review under AEDPA is "[e]xtraordinarily deferential to the state courts"). Thus, a case that would present a "close question" on direct appeal will not support relief on habeas review. *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1172 (9th Cir. 2003); *accord, Gill v. Ayers*, 342 F.3d 911, 920 (9th Cir. 2003) ("It is logical to conclude that if a case presents an issue close enough for reasonable minds to differ, then a state court's decision resolving that issue, even if incorrect, would not be objectively unreasonable.").

Under the AEDPA, the federal court has no authority to grant habeas relief unless the state court's ruling was "contrary to, or involved an unreasonable application of," clearly established

1  Supreme Court precedent. 28 U.S.C. § 2254(d)(1). A state court's decision is "contrary to" law if
2  the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question
3  of law, or reaches a different conclusion based on facts materially indistinguishable from a Supreme
4  Court case. *Williams v. Taylor,* 529 U.S. at 413. A state court's decision constitutes an
5  "unreasonable application" of Supreme Court precedent if the state court identifies the correct
6  governing legal principles, but the application of law to the facts is not merely erroneous but
7  objectively unreasonable. *Id.* at 411-13; *accord, Price v. Vincent,* 538 U.S. 634, 641 (2003);
8  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003); *Clark v. Murphy*, 331 F.3d 1062, 1067-69 (9th Cir.
9  2003). The petitioner bears the burden of showing that the state court's decision was unreasonable.
10 *Woodford v. Visciotti*, 537 U.S. at 25. Habeas relief is unwarranted where the state court's ruling
11 was "at least reasonable." *Price v. Vincent*, 538 U.S. at 643; *Early v. Packer*, 537 U.S. 3, 11 (2002)
12 (per curiam); *accord, Brown v. Payton*, 544 U.S. 133, 143 (2005) (even if state court's conclusion
13 was incorrect, it was not unreasonable, and was "therefore just the type of decision that AEDPA
14 shields on habeas review").

**ARGUMENT**

**I.**

**PETITIONER'S CONSTITUTIONAL RIGHTS WERE NOT VIOLATED BY THE SENTENCE HE RECEIVED**

19  Petitioner asserts that the trial court "abused its discretion" in denying petitioner's motion
20 to strike the criminal street gang enhancement "in violation of [his] state and federal constitutional
21 rights to due process of law." Pet. at 4. Not so. The trial court's rejection of petitioner's motion
22 to strike did not implicate petitioner's constitutional rights.

**A.  Applicable Principles**

24  Generally, matters relating to a state court's interpretation of state law do not implicate
25 federal constitutional issues. In fact, federal courts must defer to, and are bound by, a state court's
26 interpretation of its own laws. *Wainwright v. Goode,* 464 U.S. 78, 84 (1983). A claim that the trial
27 court violated state law is not cognizable in a federal habeas proceeding. "[I]t is not the province
28 of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*

1 *v. McGuire,* 502 U.S. 62, 67-68 (1991). Moreover, "[a] federal court may not issue the writ [of habeas corpus] on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984). A claim of "abuse of discretion" does not implicate any constitutional rights. *See Schell v. Witek*, 218 F.3d 1017, 1025 (9th Cir. 2000)(en banc).

California's criminal street gang enhancement, Penal Code section 186.22, subdivision (g), provides that the enhancement may be set aside in certain circumstances:

> (g) Notwithstanding any other law, the court may strike the additional punishment for the enhancements provided in this section or refuse to impose the minimum jail sentence for misdemeanors in an unusual case where the interests of justice would best be served, if the court specifies on the record and enters into the minutes the circumstances indicating that the interests of justice would best be served by that disposition.

**B.  Petitioner's Claim Fails**

Petitioner's claim deals solely with the interpretation and application of California law, a matter which does not implicate federal constitutional concerns. Moreover, even if Petitioner had raised a claim for which federal habeas relief was available, Petitioner's claim is meritless. Petitioner's ability to have the enhancement stricken could only have been based upon a showing that his case was "an unusual case where the interests of justice would best be served" by striking the gang enhancement. Calif. Pen. Code § 186.22(g). Here, the trial court carefully explained its finding that this was not such an unusual case, citing petitioner's leadership role in the crime, his receiving a gang tattoo after his prior felony conviction, and his continuing association with gang members. Exh. 7, Vol.2 at 21. The decision to not strike the gang enhancement was eminently reasonable, and not a violation of petitioner's constitutional rights.

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus should be denied.

Dated:  November 6, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GERALD A. ENGLER
Senior Assistant Attorney General

PEGGY S. RUFFRA
Supervising Deputy Attorney General

/s/ Ross Moody

ROSS C. MOODY
Deputy Attorney General

Attorneys for Respondent

20112045.wpd
SF2007402472