FILED

FEB 1 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

In pro se

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Richard Martin )   Case No. C 07-03571 SBA (PR)
   Petitioner, )   PETITIONER'S TRAVERSE TO
vs. )   RESPONDENT'S ANSWER TO PETITION
   )   FOR WRIT OF HABEAS CORPUS
   )
I. Felker, Warden )
   Respondent. )

To The Honorable Court, and all interested parties:

Petitioner hereby respectfully makes his Traverse to Respondent's Answer to Petition For Writ of Habeas Corpus, and either Denies, Admits, or Affirms the Respondent's Allegations as follows:

Respondent's First Allegation is Denied. Petitioner's continued confinement in State Prison is in violation of the U.S. Constitution. Thus, ten years of his 12 year sentence is unconstitutional.

Respondent's Second Allegation is Affirmed.

Respondent's Third Allegation is Denied. Petitioner has suffered a deprivation of his Constitutional rights as presented in his Claim(s) for Relief.

Respondent's Fourth Allegation can not be affirmed or denied. However, Respondent has failed to lodge in a Copy of Petitioner's Petition for Writ of

Certiorari to the U.S. Supreme Court. It is now attached under Habeas Corpus Rule 6 and 7, Expansion of the record.

WHEREFORE, unless specifically admitted or affirmed, petitioner Denies each and every allegation presented by respondent. Petitioner also urge this court to Order an Evidentiary Hearing and Appoint Counsel for all further proceedings under Rule 8; Criminal Justice Act Standard; 28 USC § 2254(h). All claims herein are being ARTICULATED by Prisoner Louis Francis, and not the instant Petitioner Mr. Martin. And there is a likelihood of success on the merit of petitioner's claim(s) is present.

For all of the above reasons petitioner is entitled to Reinstatement of his Direct Appeal and Appointment of Substituted State Appellate Counsel. Or issue a Writ of Habeas Corpus directing the State Appellate Court to Modify petitioner's sentence within 60 days.

Dated: 2-9-08

Respectfully submitted

*[signature: Richard Martin]*

Petitioner in Pro Se

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PETITIONER'S ARGUMENT

CLAIMS

THE STATE COURT OF APPEAL'S DECISION TO AFFIRM THE TRIAL COURT JUDGMENT TO IMPOSE THE P.C. § 186.22 STREET GANG ENHANCEMENT, UNDER THE FACTS OF THIS INSTANT CASE, WAS OBJECTIVELY UNREASONABLE BECAUSE NO DECISION ADDRESSING THE MERITS OF PETITIONER'S CLAIM AND ARGUMENT IN SUPPORT THEREOF, WAS RENDERED BY THE STATE COURT OF APPEAL. THUS, THE TRIAL COURT "ABUSED ITS DISCRETION IN DENYING PETITIONER'S MOTION TO STRIKE THE P.C. § 186.22 ENHANCEMENT IN VIOLATION OF HIS STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS CLAUSES.

2.

## ARGUMENT

On Oct. 23, 2006 the California Supreme Court ruled in people -v- Wande that "The Court of Appeal had to address the Merits of a Pro Se Supplemental Opening Brief's Argument". Petitioner did present and or file a timely Petition for Review to the California Supreme Court raising the above concern, with his underlying claim.

## STATEMENT OF THE CASE

Contrary to respondent's version of the Statement of the Case, respondent omits the fact that Mr. Martin filed an Appellant's Supplemental Opening Brief and argued that the trial court "Abused its Discretion in denying petitioner's Motion to Strike the Criminal Street Gang Enhancement......And how the Court of Appeal's decision did not address the merits of petitioner's Constitutional Claim and Argument, which was presented as such to the California Supreme Court in the Petition for Review, and not merely a Petition seeking review only of the Abuse of Discretion claim. The people -v- Kelly, ruling holds that the Court of Appeal must address even when claims are argued by a Pro Per Appellant, in a Supplemental Opening Brief, when appellate counsel files a No Merit (Wendy) Brief. Thus, the basis for the Petition for Review, and Petition For Writ of Certiorari in the U.S. Supreme Court.

## SUPPLEMENTAL ARGUMENT

Petitioner's Claim is Multileveled. In Douglas -v- California, 83 S.Ct. 814, the U.S. Spreme court held that when a state creates a law giving a defendant the right to appeal directly from a state court judgement, it creates a liberty interest, the state must afford the defendant Due Process of Law (Follow Appellate Rules of Procedure.) Here respondent knowingly and intentionally refused to follow its own appellate procedure when refusing to address the actual

3.

MERITS OF PETITIONER'S CLAIM(S) AND ARGUMENT, WHICH THAT VERY JUDGE GAVE HIM PERMISSION TO MAKE IN THE FIRST INSTANCE. SEE CALIFORNIA RULES OF COURT, RULE 14(A); MARTINEZ -V- CALIFORNIA COURT OF APPEAL, SUPRA        ; ROBBINS -V- SMITH, ( 9TH CIR. 1997 ); AND PEOPLE -V- SKENANDORE ( 1982 ) 187 C.R. 368. TO: "IF THE WENDE BRIEF IS FOLLOWED BY A SUPLLEMENTAL BRIEF THAT IDENTIFIES AND ARGUES A SPECIFIC ISSUE, THE APPEAL IS NO LONGER SUBJECT TO THE DICTATES OF WENDE".

FOR THE ABOVE REASON THE STATE COURT OF APPEAL'S DECISION COULD NOT DIFFER OVER THE COURT OF APPEAL'S DUTY TO ADDRESS THE MERITS OF AN APPELLANT'S CLAIM AND ARGUEMENT . SEE BELL -V- CONE, 535 U.S. 685. THE STATE COURT DECISION CAN NOT BE GIVEN THE BENEFIT OF THE DOUBT BECAUSE IT LITERALLY GAVE NO DECISION ADDRESSING PETITIONER'S CLAIM AND ARGUMENT IN SUPPORT OF HIS CLAIM.

WHY DOES THE RESPONDENT'S ARGUMENT OR PLEADING ( ANSWER ) OMITS THE STATE COURT OF APPEA'S OPINION, WHEN ITS CUSTOMARY FOR THE ATTORNEY GENERAL'S OFFICE TO INCLUDE THE ENTIRE OPINION FOR A.E.D.P.A. STANDARD OF REVIEW??????

THE ISSUE NOW TURN TO WHETHER THIS COURT CAN FIND THE STATE COURT OF APPEAL DECISION WAS OR WAS NOT OBJECTIVELY REASONABLE, WHEN THE STATE COURT OF APPEAL GAVE NO DECISION, WHATEVER ADDRESSING THE MERITS SO PETITIONER'S CLAIM AND ARGUMENT. THE PETITIONER ARGUES NO. BECAUSE IF THIS COURT COULD, IT WILL AMOUNT TO ADDRESSING PETITIONER'S CLAIM WITHOUT EXHAUSTION OF STATE COURT DIRECT APPEAL REMEDIES UNDER 28 U.S. § 2264. HOWEVER, PETITIONER HAS NONETHELESS CARRIED HIS BURDEN UNDER 2254(E)(F), WITH CLEAR AND CONVINCING EVIDENCE, TO OVERCOME THE STATE COURT'S PRESUMPTION OF CORRECTNESS.

PETITIONER RESPECTFULLY INCORPORATES BY REFERENCE ALL PLEADINGS OF HIS APPELLANT'S SUPPLEMENTAL OPENING BRIEF, AND PETITION FOR WRIT OF CERTIORARI AS THOUGHT FULLY RAISED AND PRESENTED HEREIN AND ADDS HE IS

4.

entitled to Federal Habeas Corpus Relief from the Trial Court's Imposition of the 10 year street gang enhancement, because the Trial Court did not present the Aggregating facts surrounding the sentence, ( i.e. P.C. 186. 22 ) to the jury for reasonable doubt determination under the Cunningham -v- California , Supra Ruling. See Coleman -v- Thompson (1991) 111 S.Ct. 2546; Harmon -v- Ryan ( 9th Cir. 1992) 959 F2d 1457....

Finally, Petitioner's claims, contrary to respondent's Allegation, does present Federal Questions. See Carter -v- Kentucky, (1981) 101 S.Ct. 1112. To wit, if the State law, whether Statutory or Decisional, created a Liberty Interest protected by the federal due process of law clause or if the error in interpretation or application of state law is so egregious as to offend federal due process standards, then habeas corpus relief is available....."

## Conclusion

Petitioner respectfully request that this court GRANT his petition for Writ of Habeas Corpus.

Dated: 2-9-08

Respectfully submitted

*/s/ Richard Mart*

Petitioner In Pro Se

Richard MARtin # V30052
mF W-218
P.O. Box 2000
VACAville, CA. 95696

United States District Court
Northern District of CAlifornia.
1301 Clay Street, #400 South
Oakland, CAliforniA, 94612

U.S. POSTAGE PAID
SAN JOSE, CA
95116
FEB 13, 08
AMOUNT
$1.47
0006 4870-04

94612
0000