IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARTIN,<br><br>    Petitioner,<br><br>v.<br><br>T. FELKER, Warden,<br><br>    Respondent. | No. C 07-3571 SBA (PR)<br><br>**ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS** |

**INTRODUCTION**

This matter is now before the Court for consideration of Petitioner's pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition sets forth one claim challenging the sentence he received in 2005 in Santa Clara County Superior Court. Respondent T. Felker, Warden of the High Desert State Prison, opposes the petition. Petitioner has filed a traverse and an amended traverse. For the reasons discussed below, the petition is DENIED.

**BACKGROUND**

**I.   Case History**

On March 4, 2005, Petitioner entered a no contest plea in Santa Clara County Superior Court to one count of second-degree robbery (Cal. Pen. Code §§ 211, 212.5(c)) and admitted the truth of allegations that he committed the offense for the benefit of a criminal street gang and that he had previously served a prison term (Cal. Pen. Code §§ 16.22, 667.5). (Resp't Ex. 3 at 1.) The terms of a negotiated plea agreement provided that Petitioner would be sentenced to no more than twelve years in state prison, but he would be allowed to file a motion requesting that the trial court strike the gang enhancement. (Id.) The trial court denied the motion and sentenced Petitioner a term of twelve years in state prison, consisting of the lower term of two years for the robbery and ten years for the gang enhancement. (Id. at 3.) The trial court struck the enhancement for the prior prison

P:\PRO-SE\HC.07\Martin3571.denyHC.wpd

term.  (Id.)

Petitioner filed an appeal to the California Court of Appeal.  On appeal, petitioner filed a brief filed through counsel pursuant to People v. Wende, 25 Cal.3d 436 (1979), raising no claims for relief but requesting the appellate court to independently review the record for any arguable error on appeal.  (Resp't Ex. 1.)  Petitioner filed a supplemental brief pro se in which he raised the claim he raises in the instant federal petition that the trial court abused its discretion and violated due process by denying the motion to strike the gang enhancement.  (Resp't Ex. 2.)  The California Court of Appeal affirmed the conviction in an unpublished opinion on September 18, 2006.  (Resp't Ex. 3.)  On November 29, 2006, the California Supreme Court summarily denied a petition for review.  (Resp't Ex. 5.)

The instant petition was filed on July 11, 2007.  The Court issued an order to show cause on September 5, 2007.  After receiving extensions of time, Respondent filed an answer and memorandum of points and authorities on November 6, 2007, and lodged a number of exhibits. Petitioner filed a traverse on February 14, 2008, and an amended traverse on February 26, 2008.

## II.    Statement of Facts

The following facts are taken from the opinion of the California Court of Appeal.

> Around 9:44 p.m. on September 20, 2004, San Jose police officers responded to the area of Nancy Lane due to a report of a robbery.  There, Eberardo Lozano told officers that he was standing outside with several others when a vehicle drove slowly by several times.  A few minutes later, defendant and another male walked up to Lozano from the direction the car had gone. Defendant asked Lozano, "'Are you a Sureno?'"  When Lozano responded negatively, defendant grabbed the baseball cap from Lozano's head and spit and stepped on it.
> Defendant then grabbed Lozano's wallet from his front pocket. Although fearful, Lozano grabbed the wallet back.  Defendant told Lozano that he needed money, but Lozano refused to give him some.  Defendant then said that he needed money for gas.  Lozano took $20 from his wallet and gave it to defendant.  Defendant demanded more money and his cohort said he only needed $20.  Defendant grabbed Lozano's wallet and he, his cohort, and the five or six other Hispanic male juveniles who had been standing behind them during the incident fled.  Lozano and his friends ran after them, to no avail. The wallet had contained Lozano's ID, approximately $1,500 in cash, and a check for $1,350 from Lozano's employer.
> The police investigation determined that defendant's cohort was a juvenile who lived nearby.  The cohort admitted his and defendant's involvement in the incident.  Defendant was on parole at the time of the incident, and was a validated member of a local Norteno gang.  Defendant admitted to the probation officer that he was present at the incident, bu the

> denied participating in it and said that hew as not the person who grabbed the victim's wallet.  He also said that he did not know why his cohort identified him as the person who took the wallet.  Defendant has a gang tattoo on the back of his head which he said he got in 2003.

(Resp't Ex. 3 at 2.)

## DISCUSSION

### I.   Legal Standard

#### A.   Standard of Review for State Court Decisions

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court has "adjudicated" a petitioner's constitutional claim "on the merits" for purposes of § 2254(d) when it has decided the petitioner's right to post-conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review on the merits.  Lambert v. Blodgett, 393 F.3d 943, 969 (9th Cir. 2004).  It is error for a federal court to review de novo a claim that was adjudicated on the merits in state court.  See Price v. Vincent, 538 U.S. 634, 638-43 (2003).

##### 1.   Section 2254(d)(1)

Challenges to purely legal questions resolved by a state court are reviewed under § 2254(d)(1), under which a state prisoner may obtain habeas relief with respect to a claim adjudicated on the merits in state court only if the state court adjudication resulted in a decision that was "contrary to" or "involved an unreasonable application of  clearly established Federal law, as determined by the Supreme Court of the United States."  Williams (Terry) v. Taylor, 529 U.S. 362, 402-04, 409 (2000). While the "contrary to" and "unreasonable application" clauses have independent meaning, see id. at 404-05, they often overlap, which may necessitate examining a

petitioner's allegations against both standards, see Van Tran v. Lindsey, 212 F.3d 1143, 1149-50 (9th Cir. 2000), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63, 70-73 (2003).

### a. **Clearly Established Federal Law**

"Clearly established federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412.  "Section 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." Id. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." Mitchell v. Esparza, 540 U.S. 12, 17 (2003). If there is no Supreme Court precedent that controls on the legal issue raised by a petitioner in state court, the state court's decision cannot be contrary to, or an unreasonable application of, clearly-established federal law.  See, e.g., Stevenson v. Lewis, 384 F.3d 1069, 1071 (9th Cir. 2004).

The fact that Supreme Court law sets forth a fact-intensive inquiry to determine whether constitutional rights were violated "obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established'" by the Supreme Court. Williams, 529 U.S. at 391. There are, however, areas in which the Supreme Court has not established a clear or consistent path for courts to follow in determining whether a particular event violates a constitutional right; in such an area, it may be that only the general principle can be regarded as "clearly established." Andrade, 538 U.S. at 64-65. When only the general principle is clearly established, it is the only law amenable to the "contrary to" or "unreasonable application of" framework. See id. at 73.

Circuit decisions may still be relevant as persuasive authority to determine whether a particular state court holding is an "unreasonable application" of Supreme Court precedent or to assess what law is "clearly established." Clark v. Murphy, 331 F.3d 1062, 1070-71 (9th Cir.), cert. denied, 540 U.S. 968 (2003); Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 1999).

### b. **"Contrary to"**

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially

P:\PRO-SE\HC.07\Martin3571.denyHC.wpd        4

indistinguishable facts."  Williams, 529 U.S. at 413.  A "run-of-the-mill state-court decision" that correctly identifies the controlling Supreme Court framework and applies it to the facts of a prisoner's case "would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause."  Williams, 529 U.S. at 406.  Such a case should be analyzed under the "unreasonable application" prong of § 2254(d).  See Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000).

### c.   "Unreasonable Application"

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case."  Williams, 529 U.S. at 412-13.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411; accord Middleton v. McNeil, 541 U.S. 433, 436 (2004) (per curiam) (challenge to state court's application of governing federal law must be not only erroneous, but objectively unreasonable); Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam) ("unreasonable" application of law is not equivalent to "incorrect" application of law).

Evaluating whether a rule application was unreasonable requires considering the relevant rule's specificity; if a legal rule is specific, the range of reasonable judgment may be narrow; if it is more general, the state courts have more leeway.  Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).  Whether the state court's decision was unreasonable must be assessed in light of the record that court had before it.  Holland v. Jackson, 542 U.S. 649, 651 (2004) (per curiam).

The objectively unreasonable standard is not a clear error standard.  Andrade, 538 U.S. at 75-76 (rejecting Van Tran's use of "clear error" standard); Clark, 331 F.3d at 1067-69 (acknowledging the overruling of Van Tran on this point).  After Andrade,

> [t]he writ may not issue simply because, in our determination, a state court's application of federal law was erroneous, clearly or otherwise.  While the "objectively unreasonable" standard is not self-explanatory, at a minimum it denotes a greater degree of deference to the state courts than [the Ninth Circuit] ha[s] previously afforded them.

Id.  In examining whether the state court decision was unreasonable, the inquiry may require

P:\PRO-SE\HC.07\Martin3571.denyHC.wpd        5

1    analysis of the state court's method as well as its result. Nunes v. Mueller, 350 F.3d 1045, 1054 (9th
2    Cir. 2003).

### 2.     Sections 2254(d)(2), 2254(e)(1)

A federal habeas court may grant a writ if it concludes a state court's adjudication of a claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). An unreasonable determination of the facts occurs where a state court fails to consider and weigh highly probative, relevant evidence, central to a petitioner's claim, that was properly presented and made part of the state court record. Taylor v. Maddox, 366 F.3d 992, 1005 (9th Cir. 2004). A district court must presume correct any determination of a factual issue made by a state court unless a petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Section 2254(d)(2) applies to an intrinsic review of a state court's fact-finding process, or situations in which the petitioner challenges a state court's fact-findings based entirely on the state court record, whereas § 2254(e)(1) applies to challenges based on extrinsic evidence, or evidence presented for the first time in federal court. See Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004). In Taylor, the Ninth Circuit established a two-part analysis under §§ 2254(d)(2) and 2254(e)(1). Id. First, federal courts must undertake an "intrinsic review" of a state court's fact-finding process under the "unreasonable determination" clause of § 2254(d)(2). Id. at 1000. The intrinsic review requires federal courts to examine the state court's fact-finding process, not its findings. Id. Once a state court's fact-finding process survives this intrinsic review, the second part of the analysis begins by dressing the state court finding in a presumption of correctness under § 2254(e)(1). Id. According to the AEDPA, this presumption means that the state court's fact-finding may be overturned based on new evidence presented by a petitioner for the first time in federal court only if such new evidence amounts to clear and convincing proof a state court finding is in error. See 28 U.S.C. § 2254(e)(1). "Significantly, the presumption of correctness and the clear-and-convincing standard of proof only come into play once the state court's fact-findings survive any intrinsic challenge; they do not apply to a challenge that is governed by the deference implicit in the 'unreasonable determination' standard of section 2254(d)(2)." Taylor, 366 F.2d at

P:\PRO-SE\HC.07\Martin3571.denyHC.wpd        6

1000.

When there is no reasoned opinion from the highest state court to consider the Petitioner's claims, the Court looks to the last reasoned opinion. See Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991). Here, the California Court of Appeal was the highest state court to issue an explained opinion on Petitioner's claims. (Pet. Exhs. B & C.)

**II.      Exhaustion**

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through state collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Granberry v. Greer, 481 U.S. 129, 133-34 (1987). Respondent does not argue that Petitioner's claim was not exhausted. However, his petition for review to the California Supreme Court does not raise the claim he raises here, namely that the trial court abused its discretion and violated his federal right to due process in denying the motion to strike the gang enhancement. (Resp't. Ex. 4.) Although it appears that this claim has not been exhausted, for the reasons explained below, the Court denies the claim on its merits. See 28 U.S.C. § 2254(b)(2) (federal court may deny a petition on the merits even if it is unexhausted).

**III.     Legal Claims**

Petitioner's sole claim is that the trial court "abused its discretion" in denying his motion to strike the gang enhancement to his sentence, pursuant to California Penal Code § 186.22(g), and thereby violated his constitutional right to due process. Section 1866.22(g), provides that the enhancement may be stricken "in an unusual case where the interests of justice would best be served." The trial court explained that this was not such an unusual case, citing Petitioner's leadership role in the crime, his obtaining a gang-related tattoo after his prior felony conviction, and his continuing association with gang members. (Resp't Ex. 7, Vol. 2., at 21.) Petitioner argued on appeal, as he does here, that the trial court misinterpreted Section 186.22(g) in denying his motion to strike. The California Court of Appeal rejected this claim. (Resp't Ex. 3 at 3-4.)

A state court's interpretation of state law, including one announced on direct appeal of the

challenged conviction, binds a federal court sitting in habeas corpus. <u>Hicks v. Feiock</u>, 485 U.S. 624, 629 (1988). Even a determination of state law made by an intermediate appellate court must be followed and may not be "'disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" <u>Id.</u> at 630 n.3. Petitioner argues that his claim was not addressed by the California Court of Appeal. Petitioner is wrong. After noting that appointed counsel raised no issues on appeal, the California Court of Appeal acknowledged that Petitioner claimed in his pro se brief that the trial court abused its discretion and violated due process by failing to strike the gang enhancement. (Resp't Ex. 3 at 3.) The Court of Appeal then rejected his claim, finding that Petitioner did not raise an arguable claim in his appeal. (<u>Id.</u> at 4.) Under <u>Hicks</u>, this Court is bound by the state court's rejection of Petitioner's claim that the trial court misinterpreted California Penal Code § 186.22 in denying his motion to strike the gang enhancement. Because Petitioner's claim is premised on an interpretation of state law that was rejected by the state courts, it does not warrant federal habeas relief.

## II.   **Certificate of Appealability**

No certificate of appealability is warranted in this case. <u>See</u> Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has failed to make a substantial showing that any of his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claims debatable or wrong. <u>See</u> <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: 3/16/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\HC.07\Martin3571.denyHC.wpd          8

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

RICHARD MARTIN,

          Plaintiff,

  v.

T. FELKER et al,

          Defendant.

Case Number: CV07-03571 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 17, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Martin V-30052
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960

Dated: March 17, 2010

Richard W. Wieking, Clerk
By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\HC.07\Martin3571.denyHC.wpd    9